# EXHIBIT A:

**Center March 16, 2026, Letter to
Interior Secretary**

CENTER for BIOLOGICAL DIVERSITY

March 16, 2026

*By Electronic Mail*

Doug Burgum
Secretary
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240
exsec_exsec@ios.doi.gov

**Re:**     Meeting of the Endangered Species Committee Scheduled for March 31, 2026

Dear Secretary Burgum:

I am writing on behalf of the Center for Biological Diversity ("Center") to demand that you immediately make available to the Center and other interested members of the public all records in your possession (and that of the Department of the Interior as a whole) relating in any manner to the subject matter of the meeting of the Endangered Species Committee ("Committee") you have announced for March 31, 2026. In addition, the meeting must be open to the public and not merely livestreamed.

As stated in a notice scheduled for publication in the Federal Register today, you have "called a meeting" of the Committee for Tuesday, March 31, 2026. The declared purpose of the meeting is to address "an exemption under the Endangered Species Act with respect to oil and gas exploration, development, and production activities in the Gulf of America associated with the Bureau of Ocean Energy Management and the Bureau of Safety and Environmental Enforcement Outer Continental Shelf Oil and Gas Program." The Federal Register Notice provides no additional information regarding the "exemption" that the Committee is being called on to consider at the scheduled meeting. Nor have you, or any other Interior Department agency or official, made any other information available to the public regarding the reasons for taking the extraordinary step of calling a meeting of the six Department and agency heads who constitute the Committee.

As an initial matter, the Committee may only meet to consider an exemption after the expert wildlife agency—U.S. Fish and Wildlife Service ("FWS") for terrestrial species and NOAA Fisheries ("NMFS") for ocean species—has determined that a proposed federal action is likely to jeopardize the continued existence of a species listed under the ESA, and that there are no "reasonable and prudent alternatives" that would avoid this jeopardy. 16 U.S.C. § 1536(g); 50 C.F.R. §§ 451.02, 451.03. This fundamental threshold requirement for convening the Committee is absent here, and thus holding the meeting is itself *per se* unlawful.

But even if that threshold requirement could be satisfied, the meeting is proceeding in contravention of the ESA. The Act requires that "[a]ll meetings and records of the Committee shall be open to the public." 16 U.S.C. 1536(e)(5)(D). This includes, at minimum, the "written application to the Secretary" setting forth how the agency action for which an exemption is

Arizona . California . Colorado . Florida . N. Carolina . Nevada . New Mexico . New York . Oregon . Washington, D.C. . La Paz, Mexico

BiologicalDiversity.org

sought purportedly satisfies the stringent criteria in the ESA for seeking such an exemption. *Id*. at 1536(g)(1), (2). At the outset of the process for considering an exemption, the Secretary is required to "publish notice of receipt of the application in the Federal Register, including a summary of the information contained in the application and a description of the agency action with respect to which the application for exemption has been filed." 16 U.S.C. § 1536(g)(2)(B)(ii). The ESA's implementing regulations establish additional public notification requirements, including "announcing that the application has been filed," "stating the applicant's name," "briefly describing the proposed agency action and the result of the consultation process," "designating the place where copies of the application can be obtained," and "specifying the name of the person to contact for further information." 50 C.F.R. § 451.02(h)(1)-(3), (5)-(6).

None of this information has been made available to the public. This is a violation of the ESA and undermines Congress's patent purpose in mandating public access: to ensure that the public is fully informed when the extraordinary exemption process is triggered and to facilitate public involvement in that process. *See also* 16 U.S.C. 1536(g)(4) (providing for a formal adjudicatory hearing in accordance with sections 554, 555, and 556 of the Administrative Procedure Act in connection with any application deemed by the Secretary to "have met the requirements set forth" in the Act).

In addition to trampling on the public's statutory right of access to records, your "Notice of meeting" also violate the public's right to attend the meeting in person. Again, the ESA provide that all meetings of the Committee "shall be open to the public." The plain language meaning of "open to the public" is that interested members of the public who wish to do so may attend and observe in person. That is surely what Congress intended by the phrase in 1978, long before livestreaming on the internet even existed.

Given that the meeting has been scheduled to occur in a little more than two weeks, please respond to this demand letter by no later than close of business tomorrow (March 17) providing (1) all documents presently in the possession of the Interior Department relating in any manner to the "exemption": to be discussed at the upcoming meeting; and (2) an assurance that the meeting will in fact be open to interested members of the public and details of how and when the public may gain physical access to the meeting. If a positive response is not received by then, we will proceed with the assumption that these requests are not being satisfied and will proceed accordingly.

Sincerely,

Brett Hartl
Government Affairs Director
Center *for* Biological Diversity

Cc:

Christopher Danley
Deputy Solicitor for Energy & Mineral Resources
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240
Christopher_danley@ios.doi.gov

Howard Lutnick
Secretary
U.S. Department of Commerce
1401 Constitution Avenue, NW
Washington, D.C. 20230
thesec@doc.gov

Pete Hegseth
Secretary
U.S. Department of Defense
1000 Defense Pentagon
Washington, DC 20301
whs.pentagon.esd.mbx.cmdcorrespondence@mail.mil

Brooke Rollins
Brooke Rollins, Secretary
U.S. Department of Agriculture
1600 Independence Ave., S.W.
Washington, D.C. 20250
agsec@usda.gov

Lee Zeldin
Administrator
Environmental Protection Agency
1200 Pennsylvania Ave. NW
Mail Code: 1101A
Washington, DC 20460
Zeldin.Lee@epa.gov

Pierre Yared
Acting Chair
Council of Economic Advisers
1600 Pennsylvania Avenue NW
Washington, D.C. 20500
Pierre.yared@who.eop.gov