# EXHIBIT B:

**DOI Solicitor March 17, 2026, Letter
to Center**



# United States Department of the Interior
## OFFICE OF THE SOLICITOR
Washington, D.C. 20240

March 17, 2026

Mr. Brett Hartl
Government Affairs Director
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005

Dear Mr. Hartl:

I am writing on behalf of the Endangered Species Committee in response to your March 16, 2026 letter. As your letter points out, Secretary Burgum, in his capacity as Chairman of the Endangered Species Committee, has called a Committee meeting for March 31, 2026. "The Committee is meeting regarding an exemption under the Endangered Species Act with respect to oil and gas exploration, development, and production activities in the Gulf of America associated with the Bureau of Ocean Energy Management and the Bureau of Safety and Environmental Enforcement Outer Continental Shelf Oil and Gas Program." *See* 91 Fed. Reg. 12672 (Mar. 16, 2026). The meeting will be open to the public through livestreaming; it will also be recorded and available on the Department of the Interior's website for sixty days after the meeting. *See id.*

The Committee disagrees with many of the characterizations in your letter. The Committee has acted, and will continue to act, consistent with the Endangered Species Act. That said, the Committee appreciates your outreach and, in the hopes of finding common ground, would like to better understand a couple of the points you raised.

Your letter says that the Endangered Species Act "requires that '[a]ll meetings and records of the Committee shall be open to the public.'" *See* Letter at 1 (alteration in original) (quoting 16 U.S.C. § 1536(e)(5)(D)). The letter then asks (at 2) the Committee to respond to you by providing "all documents presently in the possession of the Interior Department relating in any manner to the 'exemption'[] to be discussed at the upcoming meeting." Could you please explain why you believe the Act requires the Committee to provide the materials you have requested before the Committee's March 31 meeting?

Your letter also asks (at 2) for an "assurance that the meeting will in fact be open to interested members of the public and details of how and when the public may gain physical access to the meeting." Could you please explain why you believe the Act requires in-person attendance instead of public livestreaming?

I look forward to engaging with you on this matter.

Sincerely,

Christopher D. Danley
Deputy Solicitor
Energy and Mineral Resources