# EXHIBIT C:

**Center March 18, 2026, Letter
to DOI Solicitor**

CENTER for BIOLOGICAL DIVERSITY

March 18, 2026

*By Electronic Mail*

Christopher Danley
Deputy Solicitor for Energy & Mineral Resources
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240
Christopher_danley@ios.doi.gov

**Re:    Response to Letter Sent March 17, 2026 by the Department of the Interior Regarding the Meeting of the Endangered Species Committee Scheduled for March 31, 2026**

Dear Deputy Solicitor Danley,

Thank you for your prompt response to the Center's March 16 letter. Although we believe that our letter was sufficiently clear,  we are providing you with the answers to the questions you have asked with the hope you will reconsider by both allowing for a public meeting and providing the public with the information it is entitled to.

Section 7 of the Endangered Species Act sets forth a clear multi-step process for all Endangered Species Committee meeting that are both procedural and substantive. Most relevant here is that meetings of the Committee are initiated through an application to the Committee for an exemption. The law specifically defines an "exemption applicant" in Section 7(g)(1) and sets forth the conditions and criteria that the Secretary of the Interior must initially review when an application is received. 16 U.S.C. § 1536(g)(1).

The Endangered Species Act specifically states that upon receipt of an application for an exemption, the Secretary of the Interior must notify each affected state and "publish notice of receipt of the application in the Federal Register, including a summary of the information contained in the application and a description of the agency action with respect to which the application for exemption has been filed." 16 U.S.C. 1536(g)(2)(B). To date, the Center is unaware of any receipt of an application nor, in any event, has the Department of the Interior published a notice of receipt in the Federal Register. At no time has the Department provided the public with the specific information mandated by section 1536(g)(2)(B).

Further, Section 7(e)(5)(C) of the Endangered Species Act states, "All meetings and records of the Committee shall be open to the public." 16 U.S.C. § 1536(e)(5)(D). Because the Committee has initiated the process for considering an exemption, it is irrefutable—and your letter does not refute—that the Committee in fact has in its possession documents that relate to the subject matter of the upcoming meeting, yet are not "open to the public" as mandated by the plain terms of the statute. Nor does your letter suggest that all (or even any) such documents shall be made available for public scrutiny prior to the meeting, or at any other time. Indeed, it appears that the Committee does not even have in place a mechanism for affirmatively making records available to the public, as required by the statute. Consequently, the Secretary (and Committee) are, at present, in wholesale violation of their ongoing disclosure obligation.

Arizona . California . Colorado . Florida . N. Carolina . Nevada . New Mexico . New York . Oregon . Washington, D.C. . La Paz, Mexico

BiologicalDiversity.org

As for meetings, you ask for an explanation as to "why you believe the Act requires in-person attendance instead of public livestreaming." To be clear, while the Center has no objection to (and supports) live-streaming to interested persons who are unable to attend the meeting in person,  the obligation to make the meeting "open to the public" plainly includes allowing attendance in person by those who can do so. As you are aware, under the Supreme Court's binding precedent in *Loper Bright Enterprises v. Raimondo*, 603 US 369 (2024), every statutory provision has "a single, best meaning." 603 US at 400. The Supreme Court specifically warned of the dangers of a court — or for that matter an agency — attempting to "discard an old meaning and assign a new one to a law's terms, all without any legislative revision." *Id*. at 434.

When the 1978 amendments were added to the ESA, Congress plainly intended that "open to the public" meant a meeting that the public could attend in person. . The concept of a live-stream was not contemplated when Congress passed the amendments  and the Department cannot modify this clear requirement in light of unambiguous statutory text. And  it is well within the Department of the Interior's capacity to hold all meetings of the Endangered Species Committee in public. The Department of the Interior possesses a large auditorium at the entrance of the building and has accommodated many public meetings in that space previously. A public live-stream can and should be complementary and additive to that meeting, such that the public which cannot attend has a mechanism to view the meeting. But a live-stream is not a replacement of the public meeting required by the ESA

In 1992, the Endangered Species Committee held a month-long adjudicatory process in Portland, Oregon. Every meeting during that period was open to the public. The press also attended all meetings and video recordings of the proceeding were taken for both news and archival processes. But just as the Endangered Species Committee back then did not consider videotaping alone to be sufficient for the purposes of a public meeting, this meeting cannot be limited to a live-stream now.

We will also note that during the 1991-1992 Endangered Species Committee process, all documents and records possessed by the Department of the Interior were fully open to public inspection as was required by law.

Accordingly, we believe that our letter from March 16 is an accurate and correct statement of law and that our demands that (1) the documents relating to this exemption be made public, and (2) for the March 31 meeting to be made open to the public, must be granted.

Sincerely,

Brett Hartl
Government Affairs Director
Center *for* Biological Diversity

Cc:

Doug Burgum
Secretary
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240
exsec_exsec@ios.doi.gov

Howard Lutnick
Secretary
U.S. Department of Commerce
1401 Constitution Avenue, NW
Washington, D.C. 20230
thesec@doc.gov

Pete Hegseth
Secretary
U.S. Department of Defense
1000 Defense Pentagon
Washington, DC 20301
whs.pentagon.esd.mbx.cmdcorrespondence@mail.mil

Brooke Rollins
Brooke Rollins, Secretary
U.S. Department of Agriculture
1600 Independence Ave., S.W.
Washington, D.C. 20250
agsec@usda.gov

Lee Zeldin
Administrator
Environmental Protection Agency
1200 Pennsylvania Ave. NW
Mail Code: 1101A
Washington, DC 20460
Zeldin.Lee@epa.gov

Pierre Yared
Acting Chair
Council of Economic Advisers
1600 Pennsylvania Avenue NW
Washington, D.C. 20500
Pierre.yared@who.eop.gov