**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 26-00940 |
| | : | |
| v. | : | Re Document No.:    9 |
| | : | |
| DOUGLAS BURGUM, Secretary of the Interior, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## ORDER

### DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

For the following reasons and the reasons stated on the record, Plaintiff's Motion for

Temporary Restraining Order (ECF No. 9) is **DENIED**.  A temporary restraining order "is an

extraordinary remedy that should be granted only when the party seeking the relief, by a clear

showing, carries the burden of persuasion.'" *Postal Police Officers Ass'n v. U.S. Postal Serv.*,

502 F. Supp. 3d 411, 418 (D.D.C. 2020) (quoting *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir.

2004)). When considering a motion for a temporary restraining order, "the Court must determine

whether the movant has met its burden of demonstrating that: (1) that they are likely to succeed

on the merits of their claims; (2) that they are likely to suffer irreparable harm absent preliminary

relief; (3) that the balance of the equities tilts in their favor; and (4) that consideration of the

public interest favors preliminary relief." *Nat'l Treasury Emps. Union v. Trump*, 770 F. Supp. 3d

1, 6 (D.D.C. 2025) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Here,

Plaintiff fails to establish that it is likely to succeed on the merits because this Court likely lacks

subject matter jurisdiction over the claims it asserts. *See id. at* 6; *see also* 16 U.S.C. § 1536(n);

*John Doe, Inc. v. DEA*, 484 F.3d 561, 568 (D.C. Cir. 2007); *Sierra Club v. Thomas*, 828 F.2d

783, 787, 792 (D.C. Cir. 1987). Moreover, under the Administrative Procedure Act, an agency action must be final in order to be judicially reviewable. *See, e.g.*, *Ctr. for Law and Educ. v. Dep't of Educ.*, 396 F.3d 1152, 1165 (D.C. Cir. 2005). Plaintiff has not shown that the action it seeks to challenge is likely a "final agency action." *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997); *Pub. Citizen Health Rsch. Grp. v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 29 (D.C. Cir. 1984). Because Plaintiff has not met its burden to show a likelihood of success, the Court denies Plaintiff's motion. *See Babamuradova v. Blinken*, 633 F. Supp. 3d 1, 8 (D.D.C. 2022) (explaining that without a likelihood of success, a plaintiff is not entitled to a temporary restraining order, regardless of the plaintiff's showing on the other factors).

**SO ORDERED**.

Dated:  March 27, 2026                                    RUDOLPH CONTRERAS
                                                                       United States District Judge

2