**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiff,

    v.

DOUGLAS BURGUM, *in his official capacity
as Secretary of the Interior, et al.*;

    Defendants.

Case No. 1:26-cv-940-RC

**FEDERAL DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

   I.   Judicial review of Plaintiff's claims is available exclusively in the courts of appeals. ......... 2

      A.   The Committee granted the exemption under Section 7(h). ........................................ 3

           1.   Section 7(h) is the source of the Committee's authority to grant or deny an exemption. ................................................................................................ 3

           2.   The Committee expressly granted the exemption under Section 7(h). ................... 4

      B.   The ESA's special review provision requires challenges to Committee decisions under Section 7(h) be brought in the courts of appeals. ................................................. 8

           1.   Plaintiff's arguments about the exemption procedures go the merits, not jurisdiction. ................................................................................................. 8

           2.   There is no statutory loophole around Section 7(n). ............................................ 10

           3.   Congress' purpose in creating the Committee was to solve substantive conflicts between national priorities and the ESA, not to create an application procedure. ................................................................................... 14

      C.   Plaintiff must bring all its claims in the court of appeals. .......................................... 15

   II.  Plaintiff cannot establish a Mandamus Act claim. ................................................................ 17

CONCLUSION .................................................................................................................. 20

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Am. Foreign Serv. Ass'n v. Trump*,
   783 F. Supp. 3d 248 (D.D.C. 2025) ....................................................................... 8

*Ardestani v. I.N.S.*,
   502 U.S. 129 (1991).................................................................................................. 6

*Blackman v. Dist. of Columbia*,
   456 F.3d 167 (D.C. Cir. 2006) ............................................................................... 7

*Block v. Cmty. Nutrition Inst.*,
   467 U.S. 340 (1984) ............................................................................................... 13

*Brown v. G.S.A.*,
   425 U.S. 820 (1976)............................................................................................... 13

*Ctr. for Biological Diversity v. Env't Prot. Agency*,
   861 F.3d 174 (D.C. Cir. 2017) ............................................................................. 16

*D.C. Hosp. Ass'n v. Dist. of Columbia*,
   224 F.3d 776 (D.C. Cir. 2000) ............................................................................... 6

*EC Term of Years Tr. v. United States*,
   550 U.S. 429 (2007).............................................................................................. 13

*Elec. Priv. Info. Ctr. v. Nat'l Sec. Comm'n on A.I.*,
   466 F. Supp. 3d 100 (D.D.C. 2020) ..................................................................... 18

*F.C.C. v. ITT World Commc'ns, Inc.*,
   466 U.S. 463 (1984)................................................................................................ 9

*Fed. Educ. Ass'n v. Trump*,
   795 F. Supp. 3d 74 (D.D.C. 2025) ......................................................................... 8

*\*Fla. Power & Light Co. v. Lorion*,
   470 U.S. 729 (1985)....................................................................................... 7, 9, 10

*FS Credit Opportunities Corp. v. Saba Cap. Master Fund, Ltd*,
   No. 24-345, 2026 WL 1686059 (U.S. June 11, 2026) ........................................... 14

*Gaines v. Dist. of Columbia*,
   961 F. Supp. 2d 218 (D.D.C. 2013) ................................................................ 19, 20

*Guedes v. A.T.F.*,
　920 F.3d 1 (D.C. Cir. 2019) ............................................................................... 5

*Illinois v. Ferriero*,
　60 F.4th 704 (D.C. Cir. 2023) .......................................................................... 17

*Kareem v. Haspel*,
　986 F.3d 859 (D.C. Cir. 2021) ......................................................................... 18

*Kaspersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*,
　909 F.3d 446 (D.C. Cir. 2018) ......................................................................... 14

*Mullin v. Al Otro Lado*,
　No. 25-5, 2026 WL 1825741 (U.S. June 25, 2026) ..................................... 7

*Mullin v. Doe*,
　No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026) ....................... 2, 11, 16

*Muthana v. Pompeo*,
　985 F.3d 893 (D.C. Cir. 2021) ......................................................................... 17

*Nader v. Volpe*,
　466 F.2d 261 (D.C. Cir. 1972) ......................................................................... 15

*Nat'l Treasury Emps. Union v. Trump*,
　780 F. Supp. 3d 237 (D.D.C. 2025) .................................................................. 8

*Seneca Nation of Indians v. U.S. Dep't of Health & Human Servs.*,
　144 F. Supp. 3d 115 (D.D.C. 2015) .................................................................. 2

*Sierra Club v. Thomas*,
　828 F.2d 783 (D.C. Cir. 1987) ......................................................................... 10

*St. Louis Fuel & Supply Co. v. F.E.R.C.*,
　890 F.2d 446 (1989) .......................................................................................... 6

*Steel Co. v. Citizens for Better Env't*,
　523 U.S. 83 (1998) ............................................................................................. 2

*Telecomm. Rsch. & Action Ctr. v. F.C.C.*,
　750 F.2d 70 (D.C. Cir. 1984) ..................................................................... 10, 17

*Tooley v. Napolitano*,
　586 F.3d 1006 (D.C. Cir. 2009) ....................................................................... 18

iv

*Williams v. Taylor*,
   529 U.S. 420 (2000)..................................................................................................... 7

**Statutes**

5 U.S.C. § 701(a)(1)..................................................................................................... 13

5 U.S.C. § 704........................................................................................................ 2, 15

7 U.S.C. § 136n(a)-(b) ................................................................................................ 12

16 U.S.C. § 1531(b) .................................................................................................... 14

16 U.S.C. § 1532(15) .................................................................................................. 12

16 U.S.C. § 1536(a)(2).................................................................................................. 3

16 U.S.C. § 1536(e)(2).................................................................................................. 3

16 U.S.C. § 1536(e)(5)(C) ............................................................................................ 3

16 U.S.C. § 1536(g)(1) ................................................................................................. 3

16 U.S.C. § 1536(g)(3) ............................................................................................11, 12

16 U.S.C. § 1536(g)(3)-(8) ...........................................................................................11

16 U.S.C. § 1536(h) ...................................................................................................5, 11

16 U.S.C. § 1536(h)(1) ............................................................................................2, 3, 4, 11

16 U.S.C. § 1536(j)....................................................................................................... 4

16 U.S.C. § 1536(*l*)(1) ................................................................................................. 3

16 U.S.C. § 1536(m).................................................................................................... 3

16 U.S.C. § 1536(n) .............................................................................................. passim

16 U.S.C. § 1536(*o*)(1) ................................................................................................. 3

16 U.S.C. § 1536(p).....................................................................................................11

28 U.S.C. § 1331........................................................................................................ 13

28 U.S.C. § 1361 ................................................................................................................ 17

33 U.S.C. § 1369 .................................................................................................................. 9

33 U.S.C. § 1369(b)(1) ...................................................................................................... 13

42 U.S.C. § 7607(b) ............................................................................................................ 9

**Regulations**

50 C.F.R. § 450.01 ............................................................................................................ 12

50 C.F.R. § 451.02(b)......................................................................................................... 12

50 C.F.R. § 452.01 to .09 .................................................................................................. 12

50 C.F.R. § 452.02 ............................................................................................................ 12

50 C.F.R. § 452.03 ............................................................................................................ 12

**Other Authorities**

91 Fed. Reg. 16966 (Apr. 3, 2026) ................................................................................ 5, 9

S. Rep. No. 95-874 (1978) ................................................................................................ 14

*Black's Law Dictionary* (5th ed. 1979) ............................................................................. 6

**INTRODUCTION**

The Endangered Species Act provides that "[a]ny person . . . may obtain judicial review, under [the Administrative Procedure Act ("APA")], of any decision of the Endangered Species Committee under subsection (h) in the United States Court of Appeals for . . . any circuit wherein the agency action will be, or is being, carried out." 16 U.S.C. § 1536(n). That is a textbook example of a claims-channeling provision, and it is one of the many such provisions routing APA claims *directly* and *exclusively* to the Court of Appeals in the first instance.

The applicability of Section 7(n) to this case is straightforward: The Endangered Species Committee ("Committee") granted an exemption under Section 7(h); Plaintiff is challenging that decision under the APA; thus, Plaintiff's action belongs in the Court of Appeals for any circuit wherein the agency action will be, or is being, carried out. Congress spoke clearly when it enacted Section 7(n), and that provision squarely governs this action.

Apparently determined to litigate in this Court, rather than the appropriate court of appeals, Plaintiff attempts to water down Section 7(n) and put distance between that provision and this action. Plaintiff does so by framing its claims as challenges to the *process* that culminated in the Committee's decision, rather than to the decision itself; by appealing to some supposed legislative purpose divorced from the plain text at issue; and by otherwise throwing a kitchen sink of arguments at Section 7(n). None of these arguments, however, successfully overcomes or circumvents the review structure that Congress established precisely for this kind of action, where Plaintiff is making claims under the APA that are inextricably bound up with a Section 7(h) decision by the Committee.

This Court should reject Plaintiff's efforts to bypass the forum Congress has chosen for such challenges. This Court should also dismiss Plaintiff's claim under the Mandamus Act

because Plaintiff has an adequate alternate remedy—bringing its claim alongside a petition for review in the appropriate court of appeals.

**ARGUMENT**

**I.    Judicial review of Plaintiff's claims is available exclusively in the courts of appeals.**

The Committee expressly granted the exemption for Gulf oil and gas activities under Section 7(h). The text, structure, and purpose of Section 7 also confirm that Section 7(h) is the source of the Committee's authority to grant or deny an exemption. 16 U.S.C. § 1536(h)(1). By careful design, Congress designated the endpoint in the exemption process—the Committee's decision under Section 7(h)—as the point at which a petitioner can challenge Committee action, expressly providing that the decision of the Committee to grant or deny the exemption is the final agency action subject to challenge exclusively in the courts of appeals. *Id.* § 1536(h)(1), (n). Plaintiff's claims about subsidiary or procedural actions—including its claims about the Committee granting the exemption in the absence of an application for an exemption, and its challenge to the national security finding—are reviewable only with the final agency action. 5 U.S.C. § 704; *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840, at *10 (U.S. June 25, 2026) ("In APA cases, an agency's subsidiary decisions merge into the final agency action, which is then subject to review."). Because the courts of appeals have exclusive jurisdiction over challenges to Committee action, this Court must dismiss this case.

The question of jurisdiction in this case comes first. After all, a federal court may not rule on the merits of a case without first determining that it has subject matter jurisdiction. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-94 (1998); *Seneca Nation of Indians v. U.S. Dep't of Health & Human Servs.*, 144 F. Supp. 3d 115, 118 (D.D.C. 2015). Plaintiff nonetheless invites the Court to do just that: It asks the Court to adjudicate its claims alleging procedural error in the

Committee's process in order to decide that it has jurisdiction over Plaintiff's claims. Plaintiff acknowledges that the Committee "convened and issued an exemption decision," and that the Committee expressly invoked Section 7(h) in deciding to grant the exemption. Pl.'s Mem. [Dkt. No. 29] at 29-30. Plaintiff nonetheless contends the decision was unlawful under Section 7(h) because the Committee "disregard[ed]" certain provisions in Section 7(h) and, Plaintiff therefore contends, the exclusive review provision in Section 7(n) does not apply. *Id.* at 15, 17, 21-22. Similarly, Plaintiff argues that, because there was no hearing on the merits of an application, Plaintiff's challenge cannot fall within the scope of Section 7(n)'s exclusive review provision. *Id.* at 27-29.

These are merits arguments, not jurisdictional ones. And they are fundamentally at odds with the exclusive review scheme that Congress set out in the ESA.

## A.    The Committee granted the exemption under Section 7(h).

### 1.    Section 7(h) is the source of the Committee's authority to grant or deny an exemption.

The Committee convenes at the call of its chairman or five of its members. 16 U.S.C. § 1536(e)(5)(C). Then, when the Committee decides to grant or deny an exemption, it does so by vote with a quorum of its members present, and five votes are required to grant an exemption. *Id.* § 1536(h)(1). The Committee's decision constitutes final agency action for purposes of judicial review. *Id.*

The statutory provision authorizing the Committee to grant an exemption is Section 7(h), and throughout Section 7 Congress used the term "subsection (h)" to describe all exemption decisions issued by the Committee. 16 U.S.C. § 1536(a)(2), (e)(2), (g)(1), (*l*)(1), (m), (n), (*o*)(1). Paragraphs (a)(2) and (*o*)(1) of Section 7 make particularly clear that all exemptions are exemptions "under subsection (h)." Paragraph (a)(2) is the provision that relieves exempt actions

3

from the ESA's consultation requirements, and paragraph (*o*)(1) is the provision that makes the ESA's take prohibition in applicable to exempt actions. Those provisions must be applicable to all exemptions granted by the Committee, or the exemptions would have no meaning. Thus, when Congress referred to exemptions "under subsection (h)," it was referring to all exemptions.

The national security provision in Section 7(j) does not change the fact that Section 7(h) is the source of the exemption. Section 7(j) states: "Notwithstanding any other provision of this chapter, the *Committee shall grant an exemption* for any agency action if the Secretary of [War] finds that such exemption is necessary for reasons of national security." *Id.* § 1536(j) (emphasis added). The Committee, not the Secretary of War, grants the exemption. Also, Section 7(j) is nested within the exemption provisions and represents a predicate step to a Committee exemption. *See id*. ("the Committee shall grant an exemption" based on the Secretary of War's findings). Section 7(j) does not contain any language that independently authorizes an exemption. Instead, Section 7(j) instructs the Committee to grant an exemption, and the Committee's only authority to grant exemptions is Section 7(h).

Thus, Section 7(h) is the source of the Committee's authority to grant or deny an exemption, and the only provision under which an exemption may be granted. 16 U.S.C. § 1536(h)(1). There is no other exemption in the statute.

### 2.  The Committee expressly granted the exemption under Section 7(h).

Notwithstanding the clear text and structure of the statute—which provides that there is one exemption, the exemption in Section 7(h)—Plaintiff attempts to rewrite history and contend that the Committee did not make any decision "under" Section 7(h). But the Committee expressly made its decision under Section 7(h), stating in its written order that the Committee's grant of an exemption was made pursuant to Section 7(h). Endangered Species Committee Decision and Order

("Exemption Order"), 91 Fed. Reg. 16966, 16966 (Apr. 3, 2026) ("[B]ased on the Secretary of War's National Security Findings, the Committee grants pursuant to section 7(h) an exemption from the requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities."); *id.* ("With this exemption, the federal agencies implementing the Gulf of America Oil and Gas Activities are not required to comply with the section 7(a)(2) procedural consultation and substantive 'jeopardy' and 'adverse modification' mandates when they authorize, fund, or carry out covered agency actions. 16 U.S.C. 1536(h)."); *id.* at 16967 ("The Committee understands that any person may obtain judicial review of this decision, which is made under 16 U.S.C. 1536(h), 'in the United States Court of Appeals for . . . any circuit wherein the agency action concerned will be, or is being, carried out.' 16 U.S.C. § 1536(n)."). By its own express terms, the Committee's order granting the exemption is a decision under Section 7(h).

Plaintiff attempts to brush aside the Committee's statements that it made its decision under Section 7(h), along with related statements by the Committee explaining that anyone who would seek review of the Committee's order should do so in the courts of appeals. Pl.'s Mem. at 29-30. To be clear, it is the unmistakable command of the statute—Section 7(n)—which requires Plaintiff's claims to be heard in the courts of appeals. But the Committee's express statement that it was granting the exemption "pursuant to Section 7(h)" is a substantive invocation of Section 7(h) as the source of the Committee's power to grant an exemption, not a mere caption or label. *Cf. Guedes v. A.T.F.*, 920 F.3d 1, 18 (D.C. Cir. 2019) (actual language used by agency, and agency's decision to "explicitly . . . invoke" its legislating authority, is relevant to question of whether agency's rules were legislative or interpretive), *abrogated on other grounds by Garland v. Cargill*, 602 U.S. 406 (2024).

Plaintiff next tries to call into question the meaning of the word "under," as used in Section 7. Pl.'s Mem. at 20-22. Plaintiff points to the word "under" in the context of Section 7 to mistakenly argue that Section 7(n) does not apply here. *Id.* The Supreme Court has explained that "the word 'under' has many dictionary definitions and must draw its meaning from its context." *Ardestani v. I.N.S.*, 502 U.S. 129, 135 (1991). Where someone takes an action "under" a statutory provision, it does so "pursuant to" or "by reason of the authority of" that provision. *See id.* (cleaned up) (quoting discussion in *St. Louis Fuel & Supply Co. v. F.E.R.C.*, 890 F.2d 446, 450 (1989) on award of fees "under" a statutory provision); *see also* Under, Black's Law Dictionary (5th ed. 1979) (defining "under" as "according to"). The same meaning of "under" applies in the context of Section 7(n)'s exclusive review provision. When the government acts "under" a statutory authority, such as Section 7(h), it acts "pursuant to" or "by reason of the authority of" that provision. *See Ardestani*, 502 U.S. at 135. Here, the Committee expressly acted "pursuant to" and "by reason of the authority of" Section 7(h). The only exemption in Section 7 is the exemption contemplated in Section 7(h).

The D.C. Circuit has similarly concluded that the word "under," when used in the context of describing the authority for or source of an action, means "pursuant to" or "by reason of the authority of." *D.C. Hosp. Ass'n v. Dist. of Columbia*, 224 F.3d 776, 779 (D.C. Cir. 2000). In *District of Columbia Hospital Association*, construing a provision of the Medicare statute, the D.C. Circuit explained that the phrase "the amount paid under the State plan to the hospital for [certain costs]" meant payments "made pursuant to, and under the authority of" a State plan. *Id.* at 779. Similarly, the D.C. Circuit has noted that, when a plaintiff brings a claim "under" a statute such as the Individuals with Disabilities in Education Act, the action is "[a]t the very least

. . . brought 'pursuant to' or 'by reason of the authority of'" the statute. *Blackman v. Dist. of Columbia*, 456 F.3d 167, 177 (D.C. Cir. 2006).

While Plaintiff takes aim at the term "under" in Section 7(n), it does not appear to advocate for a specific definition of the term. Plaintiff instead argues that "any reasonable reading" of the text supports its view that this cannot be a decision under Section 7(h). Pl.'s Mem. at 21. But Plaintiff's argument improperly imbues the phrase "under subsection (h)" with far more than its ordinary meaning—in this context, something like "in strict accordance with the procedures set forth in subsection (g) and (h)." *See Williams v. Taylor*, 529 U.S. 420, 431 (2000) (words in statutes should be given their "ordinary" meaning); *see also Mullin v. Al Otro Lado*, No. 25-5, 2026 WL 1825741, at *3, 7 (U.S. June 25, 2026) (emphasizing the ordinary meaning of statutory language in statutory construction). It would also require the Court to determine jurisdiction by first adjudicating the merits of Plaintiff's claims—determining what decisions can fall within Section 7(h). This argument goes too far. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 734-35 & n.8 (1985) (declining to conflate the merits inquiry with the "the question whether initial subject-matter jurisdiction is properly located in the court of appeals or the district court").

Though couched as a textual argument, Plaintiff's argument about the meaning of the word "under" is an impermissible attempt to frontload the merits of its claim that there were procedural errors in the Committee's decision. To adopt Plaintiff's reading of the word "under," the Court would impermissibly have to decide the merits of Plaintiff's claims before reaching the threshold question of its subject matter jurisdiction. The is flatly inconsistent with an exclusive review scheme, and it's likely why Plaintiff doesn't cite a single case that interprets a judicial review channeling provision in a similar way.

**B.**　　**The ESA's special review provision requires challenges to Committee decisions under Section 7(h) be brought in the courts of appeals.**

Plaintiff does not generally dispute that Section 7(n) channels claims challenging Committee action to the courts of appeals but, instead, fires a barrage of interpretive arguments as to why this case is not subject to Section 7(n)'s unambiguous command that challenges to a Committee's decision to grant or deny an exemption must be heard in the courts of appeals. None has merit.

**1.**　　**Plaintiff's arguments about the exemption procedures go the merits, not jurisdiction.**

Chiefly, Plaintiff argues that this specific case is not subject to its exclusive review provision because there was no application for an exemption. Pl.'s Mem. at 27-29. Yet again, Plaintiff raises a merits attack on the Committee's decision to grant the exemption, arguing that the Committee did not comply with the requirements in Section 7(h) and elsewhere in Section 7, including procedural provisions regarding applications and "detailed administrative fact-finding and review," often before an administrative law judge. *See id.* The Court should give no weight to Plaintiff's efforts to conflate the merits and jurisdiction.

Further, Plaintiff cites no case where a special statutory review provision was disregarded because a plaintiff alleged procedural error by the agency or because an administrative law judge did not engage in fact-finding at the agency level. *See id.* Instead, Plaintiff relies on cases involving a special statutory review provision that requires that certain labor issues involving the federal work force be raised with Federal Labor Relations Authority ("FLRA"), not the district courts. *E.g.*, *Fed. Educ. Ass'n v. Trump*, 795 F. Supp. 3d 74, 84 (D.D.C. 2025), *on appeal*; *Nat'l Treasury Emps. Union v. Trump*, 780 F. Supp. 3d 237, 249 (D.D.C. 2025), *on appeal*; *Am. Foreign Serv. Ass'n v. Trump*, 783 F. Supp. 3d 248, 259 (D.D.C. 2025), *on appeal*. In those

8

cases, each containing substantially the same jurisdictional analysis, the district court found that its jurisdiction was not precluded because the relevant agencies had been excluded from coverage by the statute that would have channeled their claims to the FLRA by the Executive Order at issue in the cases. *Id.* Those cases are inapposite because they concern what the district court found was an affirmative decision by the government to take a claim out of the scope of a special statutory review scheme. *Id.* Here, by contrast, the Committee expressly invoked Section 7(h) in granting the exemption. Exemption Order, 91 Fed. Reg. at 16966-67.

Indeed, the courts of appeals have exclusive jurisdiction to review agency action if there is a special statutory review provision that says so—regardless of the amount of detailed fact-finding, or whether an administrative law judge was involved. *E.g.*, 42 U.S.C. § 7607(b) (judicial review of Clean Air Act actions by EPA may be had exclusively in the courts of appeals); 33 U.S.C. § 1369 (judicial review of certain Clean Water Act actions by EPA reviewable exclusively in the courts of appeals); *Fla. Power & Light Co.*, 470 U.S. at 741-45 (hearing was not a prerequisite to review of Nuclear Regulatory Commission action in the courts of appeals). The degree of fact-finding at the agency level is also irrelevant to the issue of whether the court of appeals is the right court to hear a challenge. In an action for review on an administrative record—like an action for review of a Committee order, *see* 16 U.S.C. § 1536(n)—the reviewing court does not conduct its own *de novo* factual inquiry. *See Fla. Power & Light Co.*, 470 U.S. at 744 (in an action for review on an administrative record, "[t]he reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry"); *F.C.C. v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 469 (1984) ("Respondents contend that these provisions confer jurisdiction in the present suit because the record developed upon consideration of the

9

rulemaking petition by the agency does not enable the Court of Appeals fairly to evaluate their ultra vires claim. If, however, the Court of Appeals finds that the administrative record is inadequate, it may remand to the agency . . . .").

Plaintiff argues its case is distinguishable from other cases involving special statutory review schemes because it is not trying to avoid agency review by proceeding directly in district court. Pl.'s Mem. at 28. That is irrelevant. The question is not whether Plaintiff is trying to avoid agency review but whether it has chosen to pursue its claims in the wrong judicial forum, contrary to where Congress expressly provided such claims should be heard. That is an issue the D.C. Circuit confronted in *Telecommunications Research and Action Center [("TRAC")] v. F.C.C.*, 750 F.2d 70, 77 (D.C. Cir. 1984), and *Sierra Club v. Thomas*, 828 F.2d 783, 787 (D.C. Cir. 1987) (quoting *TRAC*, 750 F.2d at 75), *partly abrogated by statute as recognized by Mexichem Specialty Resins, Inc. v. E.P.A.*, 787 F.3d 544, 553 n.6 (D.C. Cir. 2015) (addressing jurisdictional changes to 1990 Clean Air Act amendments). Both cases refute Plaintiff's argument here.

In sum, Plaintiff points to nothing showing that it can avoid Section 7(n)'s special review provision.

### 2.    There is no statutory loophole around Section 7(n).

Contrary to the statutory text and structure, Plaintiff next tries to read a loophole around Section 7(n) into the structure of the statute. The ESA's text and structure confirm that Congress intended the Committee's decision to be the final agency action. *See Fla. Power & Light*, 470 U.S. at 737 (courts may look to statutory structure to inform plain meaning of text). Specifically, Congress left no ambiguity as to what constitutes a final agency action. Section 7(h)(1) provides, "[a]ny final determination by the Committee under this subsection shall be considered final

10

agency action for purposes of chapter 7 of Title 5 [of the United States Code]." 16 U.S.C. § 1536(h)(1). Judicial review of that final agency action lies exclusively in the court of appeals for any circuit in which the agency action is being, or will be, carried out. *Id.* § 1536(h)(1), (n). Subsidiary and predicate actions merge into, and are only reviewable on, the final agency action. *See Mullin v. Doe*, 2026 WL 1825840, at *10.

To be sure, Section 7(n)'s judicial review provision does not apply when an exemption application is denied before it is ever presented to the Committee. But that doesn't help Plaintiff here because there was plainly a final Committee decision under section 7(h). When an applicant submits an application for an exemption, the Secretary of the Interior or the Secretary of Commerce may deny the application for failure to meet certain conditions. 16 U.S.C. § 1536(g)(3). That denial precludes the possibility that the application will get to the Committee and therefore prevents the Committee from deciding whether to grant or deny the exemption under Section 7(h). *See id.* § 1536(g)(3)-(8), (h). Congress provided that the denial of an application by the Secretary of the Interior or Commerce is a final agency action subject to review. *Id.* § 1536(g)(3). Because the applicant would not be challenging a Committee decision (or a procedural or intermediate step along the way, because the denial of the application by the Secretary effectively precludes Committee involvement), that claim may be heard in district court. *Cf. id.* § 1536(h)(1), (n).

Plaintiff argues that this single exception allowing judicial review in the district courts swallows the rule of exclusive jurisdiction in the courts of appeals. It contends that, because Congress included "two different jurisdictional avenues for review of final *Committee* determinations," Congress also opened the door to an unspecified "third category" of review. Pl.'s Mem. at 24-25 (emphasis added). But the denial of the application by the Secretary of the

11

Interior or Commerce is not a Committee action. It is an action solely by either Secretary. *See* 16 U.S.C. § 1536(g)(3).[1] Moreover, Plaintiff does not explain its leap in logic—why Congress' decision to carve out judicial review of Secretary denials of exemption applications somehow creates a "third category" of congressionally-unidentified actions subject to judicial review in the district courts. Pl.'s Mem. at 25.

Contrary to Plaintiff's claims, the limited carveout in Section 7(g)(3) allowing judicial review where the Secretary or the Interior or Commerce denies an application proves that Congress carefully drew the exclusive review provision to cover "any decision" by the Committee. That is, Congress created a cohesive scheme in 1978, and nowhere in the scheme did it provide for Plaintiff's conjured third category of agency actions. When Congress creates an exclusive review provision, it does so by saying explicitly which claims are to be reviewed in which court, or by designating certain claims for the courts of appeals. *See* 7 U.S.C. § 136n(a)-(b) (exclusive review provision in the Federal Insecticide, Fungicide, and Rodenticide Act, expressly providing for circuit court review of "any order issued by the [Environmental Protection Agency ("EPA")] following a public hearing" in the courts of appeals, and providing for district court review that certain EPA actions "not following a hearing and other final actions

---

[1] Plaintiff's confusion on this point may be related to the fact that it repeatedly (and inaccurately) asserts that the "Secretary of the Interior" is responsible for an application for an exemption. *E.g.*, Pl.'s Mem. at 7, 28. Where, as in Section 7(g)(3), the ESA uses the general term "Secretary" in Section 7, that term refers to "the Secretary of the Interior or the Secretary of Commerce as program responsibilities are vested pursuant to the provisions of Reorganization Plan Numbered 4 of 1970." 16 U.S.C. § 1532(15). Generally, this means that the term refers to the Secretary of the Interior for actions concerning terrestrial species, and the Secretary of Commerce for actions concerning marine species. *See also* 50 C.F.R. § 452.02 (incorporating definitions in *id.* § 450.01)), 452.03 (threshold review); *see also id.* § 452.01 to .09. Thus, an application for an exemption would not be presented to the Secretary of the Interior in his capacity as Committee chair; it is presented to whichever Secretary—Interior or Commerce—has program responsibility. *See id.* § 451.02(b) (applications should be made to the *appropriate* Secretary).

. . . not committed to the discretion of the Administrator by law"); 33 U.S.C. § 1369(b)(1) (exclusive review provision in the Clean Water Act designating specific types of claims for exclusive review in the courts of appeals). The ESA is no different. 16 U.S.C. § 1536(n).

In addition, Plaintiff's attempt to create a "third category" of actions reviewable outside of Congress' carefully drawn review scheme runs afoul of the principle that special statutory review schemes preclude other remedies. Federal Defendants raised this argument in their motion to dismiss, and Plaintiff does not address it in its response.[2] *See* Def.'s Mem. [Dkt. No. 24-1] at 18-20. In any event, general APA remedies in district court are not available where another, more specific, statute provides for judicial review. 5 U.S.C. § 701(a)(1); *see Block v. Cmty. Nutrition Inst.*, 467 U.S. at 345 (noting the APA "withdraws [the] cause of action [under the APA] to the extent the relevant statute 'precludes judicial review'" (citing § 701(a)(1))). The Supreme Court has repeatedly held that "a precisely drawn, detailed statute pre-empts more general remedies" such as the APA. *See EC Term of Years Tr. v. United States*, 550 U.S. 429, 433–34 (2007) (citing *Brown v. G.S.A.*, 425 U.S. 820, 834 (1976)); *Block*, 467 U.S. at 345-48 (general APA review precluded by more specific statutory review provision). Section 7(n) thus precludes general review under the APA—foreclosing Plaintiff's reliance on general federal question jurisdiction under 28 U.S.C. § 1331 and the APA to bring its challenge to this Court. There is no "third category" of claims reviewable in the district court because Section 7(n) withdraws the APA cause of action outside of the confines of the specific review procedure it created for review of Committee action.

---

[2] Plaintiff cites one of the preclusion cases, *Block v. Community Nutrition Institute*, 467 U.S. 340, 345 (1984), in a different context, arguing that there is no evidence that Congress intended to preclude review of its claim challenging the Secretary of War's national security determination. Pl.'s Mem. at 38. However, this passing citation does not address Federal Defendants' broader argument that Congress displaced the APA over the claims raised here.

### 3. Congress' purpose in creating the Committee was to solve substantive conflicts between national priorities and the ESA, not to create an application procedure.

Plaintiff also argues that Congress intended to create an "exemption application process," not an "exemption process," and that the Committee's purpose is to consider applications. Pl.'s Mem. at 24. This is yet another argument that impermissibly conflates Plaintiff's merits arguments with jurisdiction. Plaintiff argues that its construction of Section 7(h) requires an application; Federal Defendants disagree. But that merits question is for the courts of appeals, not this Court in determining whether it has jurisdiction.

Regardless, the argument fails on its own terms. Congress intended that the 1978 amendments to the ESA would resolve conflicts between the ESA's "mandate to protect and manage endangered and threatened species and other legitimate national goals and priorities such as providing energy, economic development and other benefits to the American people," S. Rep. No. 95-874, at 2 (1978). Moreover, the legislative purpose is substantive; it is not to create an application *procedure*. Just as it would be nonsensical to disregard Congress' statement of purpose (16 U.S.C. § 1531(b)) to characterize the ESA's purpose as creating procedures to list species as threatened or endangered, so too is it nonsensical to cast the purpose of the 1978 exemption provisions as creating a mere procedure to produce applications. Moreover, Plaintiff's citation to a law review article and regulations that post-date the statute itself is hardly evidence of legislative purpose. *See FS Credit Opportunities Corp. v. Saba Cap. Master Fund, Ltd*, No. 24-345, 2026 WL 1686059, at *8 (U.S. June 11, 2026) ("Congress expresses itself as a body through the text it enacts . . . ."); *Kaspersky Lab, Inc. v. U.S. Dep't of Homeland Sec.*, 909 F.3d 446, 465 (D.C. Cir. 2018) (evidence of "statutory purpose" is the "information Congress had before it when enacting the statute").

14

### C.    Plaintiff must bring all its claims in the court of appeals.

Plaintiff expressly challenges the Committee's exemption. Am. Compl. [Dkt. No. 18] ¶¶ 88-97. At present, there are four petitions for review pending in the Fifth Circuit Court of Appeals that challenge either the exemption itself or some aspect of it. *See* Consolidated 5th Cir. No. 26-60240, *Am. Energy Ass'n et al. v. Burgum, et al.* (four consolidated petitions).[3] Because Section 7(n) requires Plaintiff's claims to be brought in the court of appeals, Plaintiff must bring its claims alongside the other petitions.

This includes Plaintiff's claims raising any procedural challenges to the Committee's action and the Secretary of War's national security determination. Section 7(n) incorporates by reference the judicial review provisions in the APA. 16 U.S.C. § 1536(n). The APA, in turn, provides, "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. Thus, under APA Section 704, Plaintiff's claims about procedural and intermediate agency action—including Plaintiff's claims about the Committee granting an exemption without an application, and its challenge to administrative action such as the Secretary of War's national security exemption—may be raised (if at all) only in a petition for review of the final agency action. *See Nader v. Volpe*, 466 F.2d 261, 269-70 (D.C. Cir. 1972) (an agency's refusal to accede to a party's demands for production of information in pending proceedings is not subject to immediate judicial review in the district court but must, instead, be raised on petition for review in the courts of appeals).

---

[3] As of the time of filing of this reply brief, one group of petitioners has moved to voluntarily dismiss their petition with prejudice. Another petitioner, Natural Resources Defense Council, sought dismissal of its petition without prejudice, which was denied.

Plaintiff argues that, because there is now a final agency action, it may litigate its claims in the district court, and that the existence of a final agency action cures any issues with its attempts to parcel off its claims into different causes of action (perhaps hoping at least one sticks in district court). Pl.'s Mem. at 30-31. This is nonsensical. The final agency action in this case is the Committee's grant of an exemption under Section 7(h), and that final agency action is subject to review only in the courts of appeals. *See* 16 U.S.C. § 1536(n). Plaintiff's procedural claims must be raised with a petition, or not at all. *See* 5 U.S.C. § 704.

Plaintiff also argues in a single sentence that its claim challenging the Secretary of War's national security finding does not fall within the jurisdictional scope of Section 7(n). Pl.'s Mem. at 38. Yet the Secretary of War's national security determination must be reviewed, if at all,[4] only on review of the final agency action designated in the statute. *See Mullin v. Doe*, 2026 WL 1825840, at *10. Even couched as a standalone claim, review of the national security determination must occur with the review of the Committee's determination, in the court of appeals, because such a challenge goes to the validity of the Committee's order. *See Ctr. for Biological Diversity v. Env't Prot. Agency*, 861 F.3d 174, 186 (D.C. Cir. 2017) ("where 'a special statutory review procedure [exists], it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies,'" and claims under broader grants of jurisdiction (such as National Environmental Policy Act claims or ESA citizen suits) must be brought in the court of appeals, or not at all).

---

[4] The national security finding is not subject to review, but the Fifth Circuit is the appropriate court to make that determination in the context of any petition for review.

## II.    Plaintiff cannot establish a Mandamus Act claim.

The Court should dismiss Plaintiff's Mandamus Act claim because it fails on every element, and the court lacks jurisdiction to entertain the claim. "Few legal standards are more exacting than the requirements for invoking mandamus jurisdiction under § 1361." *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023). Mandamus is an option of "last resort." *Id.* To plead a Mandamus Act claim under 28 U.S.C. § 1361, a plaintiff must show "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff," *Muthana v. Pompeo*, 985 F.3d 893, 910 (D.C. Cir. 2021) (quotation omitted). Because the elements of a Mandamus Act claim are jurisdictional, the court must dismiss the claim for lack of subject matter jurisdiction if the plaintiff fails to meet even one element. *Id.*

District courts do not have jurisdiction to entertain Mandamus Act claims "where review is available in the Court of Appeals under [a] special review statute and the All Writs Act." *TRAC*, 750 F.2d at 78. Tellingly, Plaintiff has pleaded an APA claim that is nearly identical to its Mandamus Act claim about access to "information, documents, and meetings." Am. Compl. ¶¶ 98-101, 102-04. Plaintiff can raise its APA claim in the courts of appeals alongside a timely filed petition for review and therefore has an adequate remedy in the court of appeals.

Plaintiff seems to argue that there is no adequate alternate remedy because it could not bring a claim about its access to documents and meetings of the Committee at the time of its choosing and, instead, must raise its claims in a petition under Section 7(n). Pl.'s Mem. at 34-36. Plaintiff also speculates that it may not have an adequate alternative in the court of appeals if it did not want to challenge the exemption itself, and only wanted to challenge procedural matters. *Id.* at 36. That is of no moment here because Plaintiff is seeking to challenge the exemption, Am.

17

Compl. ¶¶ 88-97, and it can bring its claim *now* in the Fifth Circuit, where four petitions are currently pending.

One of the cases Plaintiff cites, *Electronic Privacy Information Center v. National Security Commission on Artificial Intelligence*, 466 F. Supp. 3d 100 (D.D.C. 2020), further demonstrates why Plaintiff cannot meet the third element of a Mandamus Act claim. In *Electronic Privacy Information Center*, the court concluded that the plaintiff was entitled to mandamus relief because the defendant commission was not subject to suit under the APA and, therefore, an alternate remedy was not available. *See* 466 F. Supp. 3d at 122. Here, there is an avenue for Plaintiff to bring its nearly identical APA claim about access to documents and meetings—but it must bring that claim to the proper court. Plaintiff's claim fails entirely because it has an adequate alternate remedy in the Fifth Circuit.

Furthermore, Plaintiff's Mandamus Act claim has numerous pleading defects that fail to show it is entitled to relief. To begin, the Mandamus Act claim is pleaded entirely on "information and belief." Am. Compl. ¶ 103. When a plaintiff pleads a claim on "information and belief," its claim must be accompanied by the facts on which its information and belief is based. *See Kareem v. Haspel*, 986 F.3d 859, 866 (D.C. Cir. 2021); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1007-08 (D.C. Cir. 2009) (bare allegation that government had wiretapped telephones was insufficient to show surveillance of the plaintiff). The amended complaint pointed to just one alleged fact that formed the basis of Plaintiff's belief that documents were withheld—the Secretary of War's national security determination and the attachments thereto had been provided to the Committee members but were not "publicly provided" during or before the Committee meeting. Am. Compl. ¶¶ 82, 100.

18

In their motion to dismiss, Federal Defendants pointed out that, contrary to Plaintiff's allegations, the Secretary of War's national security determination and its attachments were made available to the public before the Committee meeting. Def.'s Mem. at 21. Confronted with the fact that the sole factual basis for its claim was erroneous, Plaintiff now pivots. It speculates that there are documents reflecting communications between Committee members and industry groups, among Committee members regarding the exemption, and between Committee members and the Secretary of War. Piling speculation on speculation, Plaintiff posits that "[i]t is inconceivable" that these communications do not exist. Pl.'s Mem. at 37. But Plaintiff has not pleaded this claim. "A plaintiff cannot amend his Complaint via an opposition brief to a motion to dismiss." *Gaines v. Dist. of Columbia*, 961 F. Supp. 2d 218, 225 (D.D.C. 2013). The Court should therefore disregard Plaintiff's speculation in its response to Federal Defendants' motion to dismiss.[5] After the meeting, Plaintiff rushed to amend its complaint the same day, even overlooking the fact that the Committee's documents had been made public before filing its amendment.

Plaintiff has seized on the Mandamus Act as the means for obtaining the documents to which it believes it is entitled. Yet Plaintiff cannot show that the Committee has a duty to act, or that Plaintiff is entitled to relief, or that the Committee has a duty to act.[6]

---

[5] Plaintiff spills much ink on a footnote in Federal Defendants' brief indicating that, to the extent that Plaintiff challenged the completeness of the Committee's *record of proceedings*, that claim, too, must be brought in the circuit court, and pointing out that the administrative record was required to be filed there. *See* Pl.'s Mem. at 34-36; Def.'s Mem. at 21. Plaintiff argues at length that the administrative record is not the same as the records of the Committee. But, plainly, that is not what Federal Defendants said.

[6] Plaintiff does not respond to Federal Defendants' argument that its claim about being denied access to a "secret meeting" was implausible. Def.'s Mem. at 21-22. Instead, it shifts gears and argues that the meeting the Committee actually held was a "closed-door meeting." Pl.'s Mem. at 27. The Court already rejected this claim, and it also cannot provide a basis for

19

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's claims in their entirety for lack of subject matter jurisdiction. The Committee explicitly granted the exemption under Section 7(h), and, indeed, the exemption contemplated in Section 7(h) is the only exemption in the statute. Pursuant to Section 7(n), judicial review may be had only in the court of appeals. Plaintiff's attempt to bring its merits arguments to the fore has no place in the court's straightforward jurisdictional analysis. Furthermore, Plaintiff has an adequate alternate remedy to its Mandamus Act claim—bringing its action in a petition for review in the court of appeals.

Dated: June 29, 2026      Respectfully submitted,

            ADAM R.F. GUSTAFSON,
            Principal Deputy Assistant Attorney General
            BRADLEY CRAIGMYLE,
            ROBERT N. STANDER,
            Deputy Assistant Attorneys General
            MEREDITH L. FLAX, Deputy Section Chief
            MICHAEL R. EITEL, Acting Assistant Section Chief

            */s/ Sara M. Warren*
            SARA M. WARREN, Trial Attorney
            United States Department of Justice
            Environment & Natural Resources Division
            Wildlife & Marine Resources Section
            Benjamin Franklin Station, P.O. Box 7611
            Washington, D.C. 20044-7611
            Tel: (202) 598-5785
            Fax: (202) 305-0275
            Email: sara.warren@usdoj.gov

            DAVIS A. BACKER, Senior Trial Attorney
            United States Department of Justice
            Environment & Natural Resources Division
            Wildlife & Marine Resources Section
            999 18th Street, North Terrace, Suite 600
            Denver, Colorado 80202

---

jurisdiction because Plaintiff cannot amend its complaint through pleading. *See Gaines*, 961 F. Supp. 2d at 225.

20

Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov


***Attorneys for Defendants***

21