**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | : | |
| Plaintiff, | : | Civil Action No.: 26-940 (RC) |
| v. | : | Re Document No.: 25 |
| DOUGLAS BURGUM, Secretary of the Interior, *et al.*, | : | |
| Defendants. | : | |

# ORDER

## GRANTING INTERVENOR AMERICAN PETROLEUM INSTITUTE'S MOTION TO INTERVENE

Before the Court is the American Petroleum Institute's ("API") motion to intervene. *See* Unopposed Mot. & Mem. API Leave Intervene as a Def. ("Mot. Intervene") at 1, ECF No. 25. No party opposes API's motion. *Id.* at 2. This Court previously granted API's two virtually identical motions to intervene in similar cases. *See Nat. Res. Def. Council, Inc. v. Burgum,* No. 1:26-CV-01116-RC, 2026 WL 2031653, at *1 (D.D.C. July 14, 2026); *Healthy Gulf v. Burgum*, 26-cv-1118 (D.D.C.), ECF No. 20. For the same reasons, the Court grants API's motion here.

API has established all four factors necessary to intervene as a matter of right. *See* Fed. R. Civ. P. 24(a); *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (listing factors). First, API's motion is timely, having been filed less than two months after the amended complaint and on the same day as Defendants' motion to dismiss. *See Sierra Club v. U.S. Dep't of Agric., Rural Utils. Serv.*, No. CV 07-1860 (EGS), 2008 WL 11408418, at *1 (D.D.C. May 9, 2008); *compare* Am. Compl., ECF No. 18 (filed March 31, 2026), *with* Mot. Intervene (filed May 18, 2026). Further, API consulted with the parties prior to filing, and neither party has indicated that intervention would prejudice it. *See* Mot. Intervene at 2. Second, API has a protected interest in

this action because its members are heavily involved in oil and gas development and exploration in the Gulf. *See* Mot. Intervene, Decl. of Holly A. Hopkins ¶ 5, ECF No. 25-1; *see also Nat. Res. Def. Council, Inc.*, 2026 WL 2031653, at *3. Third, API's legally protected interest might be impaired by this action because Plaintiff attacks a regulatory decision that favors API's members by allowing the members to develop, explore, and extract oil and gas in the Gulf. *See Friends of Earth v. Haaland*, No. CV 21-2317 (RC), 2021 WL 5865386, at *2 (D.D.C. Dec. 11, 2021) (granting API's motion to intervene in a case concerning a challenge to certain oil and gas leases in the Gulf); *Nat. Res. Def. Council, Inc.*, 2026 WL 2031653, at *3 (same). Finally, API's interests are not adequately protected by Defendants because the government's duty to represent the interests of its citizens is not the same as API's duty to represent the interests of its members. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735–37 & n.9 (D.C. Cir. 2003); *see Nat. Res. Def. Council, Inc.*, 2026 WL 2031653, at *3.

For these reasons, Intervenor American Petroleum Institute's motion to intervene (ECF No. 25) is **GRANTED**. It is hereby:

**ORDERED** that the caption to this case is amended to reflect the same; and it is

**FURTHER ORDERED** that American Petroleum Institute's proposed Answer, submitted to the Court on May 18, 2026, at ECF No. 25-2, is deemed filed and the Clerk of the Court is directed to file it as an answer on the docket

**SO ORDERED**.

Dated: October 5, 2026

RUDOLPH CONTRERAS
United States District Judge