IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS BURGUM, Secretary of the Interior, et al.,<br><br>Defendants. | Civil Action No. 1:26-cv-00940-RC |

**AMERICAN PETROLEUM INSTITUTE'S [PROPOSED] ANSWER TO THE FIRST AMENDED COMPLAINT**

Intervenor-Defendant American Petroleum Institute ("API") answers Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief as follows in paragraphs numbered to correspond to the paragraph numbers in the Complaint.

**INTRODUCTION**

1. The allegations in this paragraph state Plaintiff's characterizations of a Federal Register notice, which require no response as the applicable Federal Register notice speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable Federal Register notice, API denies them.

2. The allegations in this paragraph state Plaintiff's characterizations of the law and a Federal Register notice, which require no response as the applicable law and Federal Register notice speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and Federal Register notice, API denies them.

3. The first and second sentences in this paragraph state Plaintiff's characterizations of executive authority and the law, which require no response as the applicable laws and regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the

applicable laws and regulations, API denies them. The third sentence in this paragraph states Plaintiff's characterization of the government's claims, which requires no response as the applicable government claims speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable government claims, API denies them.

4. The allegations in this paragraph state Plaintiff's characterizations of filings by Plaintiff and Defendant Secretary Burgum in this lawsuit, which require no response as the applicable filings by Plaintiff and Defendant Secretary Burgum in this lawsuit speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable filings by Plaintiff and Defendant Secretary Burgum in this lawsuit, API denies them.

5. The allegations in this paragraph state Plaintiff's characterizations of filings by Defendant Secretary Burgum in this lawsuit, which require no response as the applicable filings by Defendant Secretary Burgum in this lawsuit speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable filings by Defendant Secretary Burgum in this lawsuit, API denies them.

6. The allegations in this paragraph state Plaintiff's characterizations of filings and actions in this lawsuit, which require no response as the applicable filings and actions in this lawsuit speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable filings and actions in this lawsuit, API denies them.

7. The allegations in this paragraph state Plaintiff's characterizations of Plaintiff's filings and the Court's actions in this lawsuit, which require no response as Plaintiff's filings and the Court's actions in this lawsuit speak for themselves. To the extent Plaintiff's allegations are inconsistent with the Plaintiff's filings and the Court's actions in this lawsuit, API denies them.

8. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

9. The allegations in the first sentence of this paragraph are denied. The remaining allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

10. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

11. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

12. The allegations in this paragraph state Plaintiff's characterizations of the law and executive actions, which require no response as the applicable law and executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and executive actions, API denies them.

13. The allegations in this paragraph state Plaintiff's characterizations of the law, executive actions, and filings in this lawsuit, which require no response as the applicable law, executive actions, and filings in this lawsuit speak for themselves. To the extent Plaintiff's

allegations are inconsistent with the applicable law, executive actions, and filings in this lawsuit, API denies them.

14. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

15. The allegations in the first and third sentences of this paragraph state Plaintiff's characterizations of the law and executive actions, which require no response as the applicable law and executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and executive actions, API denies them. The remaining allegations in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

16. The allegations in this paragraph state Plaintiff's characterization of their pleadings and requested relief and therefore do not require a response.

**JURISDICTION AND VENUE**

17. In response to this paragraph, API states that the Court's jurisdiction is a matter of law which does not require a response, and further states that the cited federal laws speak for themselves.

18. Denied. Venue for this action is exclusively vested in the Court of Appeals for the Fifth or Eleventh Circuits. 16 U.S.C. § 1536(n).

## PARTIES

19. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Plaintiff Center for Biological Diversity and therefore denies the same.

20. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding Plaintiff's members and therefore denies the same.

21. The allegations contained in this paragraph are overly broad, vague, ambiguous, and speculative, and are therefore denied.

22. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

23. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

24. API admits that Doug Burgum is the Secretary of the Department of the Interior, is the chairman of the Endangered Species Committee, and convened the meeting of the Committee at issue in this case. To the extent this paragraph purports to characterize the Secretary's legal responsibilities and actions, the relevant laws, regulations and actions speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

25. API admits that Brooke Rollins is the Secretary of the U.S. Department of Agriculture and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

26. API admits that Daniel P. Driscoll is the Secretary of the Department of the Army and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

27. API admits that Pierre Yared is Acting Chair of the Council of Economic Advisers and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Acting Chair's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

28. API admits that Lee Zeldin is Administrator of the U.S. Environmental Protection Agency and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Administrator's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

29. API admits that Neil Jacobs is Administrator of the National Oceanic and Atmospheric Administration and a member of the Endangered Species Committee. To the extent this paragraph purports to characterize the Administrator's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

30. API admits that Pete Hegseth is Secretary of the U.S. Department of Defense and made the finding at issue in this case that it was necessary to exempt federally-authorized Gulf oil and gas exploration and development activities from the requirements of section 7(a)(2) of the ESA for reasons of national security. To the extent this paragraph purports to characterize the

Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

## LEGAL BACKGROUND

### A. The Endangered Species Act: Overview

31. The allegations in this paragraph state Plaintiff's characterizations of the law and caselaw, which require no response as the applicable law and caselaw speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and caselaw, API denies them.

32. The allegations in this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

33. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

34. The allegations in this paragraph state Plaintiff's characterizations of the law, federal regulations, and caselaw, which require no response as the applicable law, federal regulations, and caselaw speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law, federal regulations and caselaw, API denies them.

35. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

36. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

37. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

38. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

39. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

40. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

**B. The Endangered Species Act: 1978 Amendments Creating the "Endangered Species Committee"**

41. The allegations in this paragraph state Plaintiff's characterizations of caselaw, Congressional history, and executive action, which require no response as the applicable caselaw, Congressional history, and executive action speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable caselaw, Congressional history, and executive action, API denies them.

42. The allegations in this paragraph state Plaintiff's characterizations of Congressional history, which require no response as the applicable Congressional history speaks

for itself. To the extent Plaintiff's allegations are inconsistent with the applicable Congressional history, API denies them.

43. The allegations in this paragraph state Plaintiff's characterizations of the law and Congressional history, which require no response as the applicable law and Congressional history speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and Congressional history, API denies them.

44. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

45. The allegations in this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

46. The allegations in this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

47. The allegations in this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

48. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

49. The allegations in this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

50. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

51. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

52. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

53. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

54. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

55. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

56. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

57. The allegations in this paragraph state Plaintiff's characterizations of federal regulations, which require no response as the applicable federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable federal regulations, API denies them.

58. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

**C. The Administrative Procedure Act**

59. The allegations in this paragraph state Plaintiff's characterization of the law, which requires no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

60. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

## FACTUAL ALLEGATIONS

**A. 2025 NMFS Biological Opinion on "Gulf of America Oil and Gas Program"**

61. The allegations in this paragraph state Plaintiff's characterizations of a Federal Register notice and federal agency actions, which require no response as the applicable Federal Register notice and federal agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable Federal Register notice and federal agency actions, API denies them.

62. The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiff's allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

63. The allegations in this paragraph state Plaintiff's characterizations of federal agency actions and NMFS's 2025 Biological Opinion, which require no response as the applicable federal agency actions and NMFS's 2025 Biological Opinion speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable federal agency actions and NMFS's 2025 Biological Opinion, API denies them.

64. The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiff's allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

65. The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiff's allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

66. The allegations in the first sentence of this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them. The remaining allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiff's allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

67. The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiff's allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

68. The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiff's allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

69. The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2020 Biological Opinion and 2025 Biological Opinion, which require no response as NMFS's 2020 Biological Opinion and 2025 Biological Opinion speak for themselves. To the extent Plaintiff's allegations are inconsistent with NMFS's 2020 Biological Opinion and 2025 Biological Opinion, API denies them.

70. The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks

for itself. To the extent Plaintiff's allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

71. The allegations in this paragraph state Plaintiff's characterizations of NMFS's 2025 Biological Opinion, which require no response as NMFS's 2025 Biological Opinion speaks for itself. To the extent Plaintiff's allegations are inconsistent with NMFS's 2025 Biological Opinion, API denies them.

**B. FWS Biological Opinion**

72. The allegations in this paragraph state Plaintiff's characterizations of federal agency actions and FWS's 2018 Biological Opinion, which require no response as the applicable federal agency actions and the 2018 Biological Opinion speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable federal agency actions and the 2018 Biological Opinion, API denies them.

73. The allegations in this paragraph state Plaintiff's characterizations of federal agency actions, which require no response as the applicable federal agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable federal agency actions, API denies them.

74. The allegations in this paragraph state Plaintiff's characterizations of federal agency actions, which require no response as the applicable federal agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable federal agency actions, API denies them.

**C. The Secretary's March 16, 2026, Notice of Meeting**

75. The allegations in this paragraph state Plaintiff's characterizations of a Federal Register notice, which require no response as the applicable Federal Register notice speaks for

itself. To the extent Plaintiff's allegations are inconsistent with the applicable Federal Register notice, API denies them.

76. The allegations in this paragraph state Plaintiff's characterizations of a Federal Register notice and executive actions, which require no response as the applicable Federal Register notice and executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable Federal Register notice and executive actions, API denies them.

### D. The Center's March 16, 2026, Letter to the Secretary Seeking Public Notification and Information Access Required by the ESA

77. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

78. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

### E. The Secretary of Defense's March 13, 2026 "National Security" "Notification"

79. The allegations in this paragraph state Plaintiff's characterizations of executive actions and filings in this lawsuit, which require no response because the applicable executive actions and filings speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions and filings, API denies them.

80. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

### F. The Committee's March 31, 2026, Exemption of Gulf of Mexico Oil and Gas Authorizations Issued by BOEM and BSEE

81. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To

the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

82. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

83. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

84. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

85. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

86. The allegations in this paragraph state Plaintiff's characterizations of executive and federal agency actions, which require no response as the applicable executive and federal agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive and federal agency actions, API denies them.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### APA Violation Against Defendants Burgum, Rollins, Driscoll, Yared, Zeldin, Jacobs: Unlawful Convening, and Resulting Unlawful Final Exemption Decision of the Endangered Species Committee, in the Absence of an Exemption Application

87. API admits and denies the allegations of this paragraph as stated above.

88. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

89. The allegations in this paragraph state Plaintiff's characterizations of the law and federal regulations, which require no response as the applicable law and federal regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and federal regulations, API denies them.

90. API is without sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

91. The allegations in this paragraph state Plaintiff's characterizations of Defendants' actions and allegations, which require no response as Defendants' applicable actions and allegations speak for themselves. To the extent Plaintiff's allegations are inconsistent with Defendants' applicable actions and allegations, API denies them.

92. The allegations in the first and second sentence of this paragraph state Plaintiff's characterizations of federal agency actions, which require no response as the applicable federal agency actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable federal agency actions, API denies them. The allegations in the third sentence are denied.

93. The allegations in this paragraph state Plaintiff's characterizations of Defendants' actions and allegations, which require no response as Defendants' applicable actions and

allegations speak for themselves. To the extent Plaintiff's allegations are inconsistent with Defendants' applicable actions and allegations, API denies them.

94. The allegations in this paragraph state Plaintiff's legal conclusion, which requires no response.

95. The allegations in the first sentence of this paragraph state Plaintiff's legal conclusion, which requires no response. The allegations in the second sentence of this paragraph are denied. The allegations in the third sentence of this paragraph state Plaintiff's characterizations of caselaw, which require no response as the applicable caselaw speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable caselaw, API denies them.

96. The allegations in the first sentence of this paragraph state Plaintiff's characterizations of executive authority and the law, which require no response as the applicable law and regulations speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and regulations, API denies them. The allegations in the second sentence of this paragraph are denied.

97. Denied.

## SECOND CLAIM FOR RELIEF
## APA Violation Against Secretary Burgum, Rollins, Driscoll, Yared, Zeldin, Jacobs: Violation of, and/or Unlawful Withholding of, Information Access Requirements

98. API admits and denies the allegations of this paragraph as stated above.

99. The allegations in this paragraph state Plaintiff's characterizations of the law, which require no response as the applicable law speaks for itself. To the extent Plaintiff's allegations are inconsistent with the applicable law, API denies them.

100. The allegations in this paragraph state Plaintiff's characterizations of executive actions, which require no response as the applicable executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable executive actions, API denies them.

101. Denied.

**THIRD CLAIM FOR RELIEF**
**Mandamus Relief Against Secretary Burgum, Rollins, Driscoll, Yared, Zeldin, Jacobs: Failure to Comply with the ESA's Mandatory Disclosure Obligations**

102. API admits and denies the allegations of this paragraph as stated above.

103. The allegations in this paragraph state Plaintiff's characterizations of the law and executive actions, which require no response as the applicable law and executive actions speak for themselves. To the extent Plaintiff's allegations are inconsistent with the applicable law and executive actions, API denies them.

104. Denied.

**FOURTH CLAIM FOR RELIEF**
**APA Violation Against Defendant Hegseth: Unlawful National Security Determination**

105. API admits and denies the allegations of this paragraph as stated above.

106. Denied.

**PRAYER FOR RELIEF**

API denies that Plaintiff is entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in paragraphs 1 through 8 of the Prayer for Relief.

**AMERICAN PETROLEUM INSTITUTE'S AFFIRMATIVE DEFENSES**

API asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim for which relief may be granted.

2. Plaintiff lacks standing to bring its claims.

3. This Court lacks jurisdiction over some or all of Plaintiff's claims.

4. Venue is not proper in this Court and the Court lacks jurisdiction to review these claims under 16 U.S.C. § 1536(n).

5. API reserves the right to amend or supplement these affirmative defenses as appropriate.

WHEREFORE, API, having fully answered the allegations contained in Plaintiff's Complaint, respectfully requests that this Court enter a judgment dismissing the Complaint with prejudice, and awarding such other and further relief as may be just and warranted.

DATED: May 18, 2026.

STOEL RIVES LLP

*/s/ Jason T. Morgan*
RYAN P. STEEN, Bar No. 1615260
ryan.steen@stoel.com
JASON T. MORGAN, Bar No. 1615129
jason.morgan@stoel.com
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

*Attorneys for Intervenor-Defendant American Petroleum Institute*

152894077.3